UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| M. Siddiqui,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Chad F. Wolf, *acting Secretary,*<br>*Department of Homeland Security*,<br><br>　　　　　Respondent. | Case No. 0:20-cv-2029 (ECT/KMM)<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner M. Siddiqui filed the habeas corpus petition at issue here pursuant to 28 U.S.C. § 2241, challenging multiple decisions by Department of Homeland Security (DHS) officials not to release him from custody following the preliminary injunction granted in *Fraihat v. U.S. Immigr. & Customs Enf't*. 445 F. Supp. 3d 709 (C.D. Cal. Apr. 20, 2020). He asserts that he is a member of the certified class defined by the *Fraihat* court and argues that the preliminary injunction ordered in that case entitles him to release from DHS custody. *See id.*; *Fraihat v. U.S. Immigr. & Customs Enf't*, EDCV 19-1546 (SHKx), 2020 WL 1932393 (C.D. Cal. Apr. 4, 2020) (contemporaneously issued order defining class). Mr. Siddiqui has also brought a Motion for Compassionate Release in this matter. [ECF No. 22]. The Court recommends that Mr. Siddiqui's petition and related Motion for Compassionate Release be denied for several reasons. First, the relief Mr. Siddiqui

1

seeks in this case—release from ICE custody due to the COVID-19 pandemic—is duplicative of his claims in at least two other habeas petitions in this district. Second, even if the *Fraihat* class action provides a basis for specific relief, Mr. Siddiqui must raise such a claim in that case and in that district. Finally, the statute upon which "compassionate release" is based applies only in federal criminal cases and provides no relief for detainees in ICE custody.

## I.   Duplicative Petitions

To date, in addition to the instant case, Mr. Siddiqui has filed at least two other closely related habeas petitions in this district[1]:

1. *Siddiqui v. Immigr. & Customs Enf't*, 20-cv-793 (NEB/ECW) (D. Minn. Mar. 24, 2020)

2. *Siddiqui v. Dep't of Homeland Sec.*, 20-cv-1325 (SRN/DTS) (D. Minn. Jun. 20, 2020)

Noting similarities between these cases and the instant one, the Court ordered briefing from the parties as to whether the claims in this case overlap or are duplicative of those in the other cases. [Order, ECF No. 4]. Following a review of that briefing, the Court concludes that this case should be dismissed because it is

---

[1] Mr. Siddiqui has since filed a fourth petition for habeas corpus in this district. *Siddiqui v. Alejandro*, 21-cv-566 (ECT/KMM) (D. Minn. Feb. 24, 2021). However, the claim involved in that case is unique, as he argues that his continued detention in ICE custody without a new bond hearing violates the Due Process Clause. That case is not redundant of this one nor those mentioned above—all of which, in one way or another, seek release due to the COVID-19 pandemic.

entirely duplicative of his claims in Case No. 20-cv-1325, which were denied. It is also largely duplicative of the claims raised, through appointed counsel, on behalf of others in Case No. 20-cv-0793, which was denied by the district court and affirmed on appeal.

Mr. Siddiqui maintains that the claims at issue here are distinct from those he has raised elsewhere. For instance, he contends that Case No. 20-cv-793 involves issues related to his immigration status, mandatory detention, and criminal charges; and "has nothing to do with non-compliance of class-action lawsuit related to *Fraihat v. ICE*." [Pet'r's Br. 1, ECF No. 5]. And Case No. 20-cv-1325 is distinguishable, he argues, because it involved civil rights violations—not the *Fraihat* injunction. The Court respectfully disagrees.

A close examination suggests that this case is duplicative of both cases Mr. Siddiqui has recently filed in this district. In both cases, he seeks release from custody due to COVID-19, which is at the heart of this case as well. Petition, *Siddiqui v. Immigr. & Customs Enf't*, 20-cv-793 (NEB/ECW), ECF No. 1 (D. Minn. Mar. 24, 2020); Petition, *Siddiqui v. Dept. of Homeland Sec.*, 20-cv-1325 (SRN/DTS), ECF No. 1 (D. Minn. Jun. 20, 2020). And while Mr. Siddiqui's original habeas petition in Case No. 20-cv-1325 involved, as he says, issues pertaining to his immigration status and criminal charges, he subsequently filed a "brief" in that case in which he sought "a preliminary injunction ordering the

ICE/DHS to respect *Fairhat v. ICE* [sic] court order immediately and release detainees who are at high risk." Brief of Petitioner at 2, *Siddiqui v. Dept. of Homeland Sec.*, 20-cv-1325 (SRN/DTS), ECF No. 10 (D. Minn. Aug. 11, 2020). His argument in Case No. 20-cv-1325 was substantively the same as that raised here and relied on some identical language. *See id.* In the Report and Recommendation for that case, Magistrate Judge Schultz characterized Mr. Siddiqui's "brief" as an amended petition, and the COVID-19/*Fraihat* argument as a new claim. Report & Recommendation at 2–3, *Siddiqui v. Dept. of Homeland Sec.*, 20-cv-1325 (SRN/DTS), ECF No. 12 (D. Minn. Aug. 28, 2020). Magistrate Judge Schultz recommended dismissing Mr. Siddiqui's "amended petition" because "an identical challenge . . . was just recently dismissed; *see* Case No. 20-CV-0793 (NEB/ECW), ECF No. 149 (D. Minn. Aug. 11, 2020), and . . . . Petitioners' brief offers no reason to believe that dismissal was inappropriate." *Id.* The Report and Recommendation was subsequently adopted, and judgment dismissing the petition was entered. Order and Judgment, *Siddiqui v. Dept. of Homeland Sec.*, 20-cv-1325 (SRN/DTS), ECF Nos. 15–16 (D. Minn. Dec. 21–22, 2020).

While neither the Report and Recommendation nor the Order adopting it in Case No. 20-cv-1325 specifically address the viability of habeas relief by way of an injunction "ordering the ICE/DHS to respect *Fairhat* [sic]," Mr. Siddiqui raised

4

that argument, it was acknowledged by the court, and his petition was nonetheless dismissed. For this reason, the Court recommends dismissing Mr. Siddiqui's petition in this matter as duplicative. *Aziz v. Burrows*, 976 F.2d 1158, 1158–59 (8th Cir. 1992) (affirming dismissal of action as duplicative).

## II.   The *Fraihat* Injunction

Even if Mr. Siddiqui's current habeas petition did not require dismissal due to its overlap with his other cases, the Court agrees with Respondents that a habeas petition in this district is not the proper vehicle to pursue the relief he seeks. Mr. Siddiqui's argument relies on his assertions that (1) he is a member of the class certified in *Fraihat*, and (2) DHS has failed to comply with a preliminary injunction issued in that action. If true, Mr. Siddiqui must seek enforcement of that injunction through class counsel in a contempt proceeding in the *Fraihat* action. *Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 452–54 (1932); *see Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 968 (11th Cir. 2012) ("The party seeking to enforce an injunction cannot, however, obtain a successive injunction—i.e., an injunction ordering compliance with an existing injunction."). The *Fraihat* court is in the best position to enforce its own order as to a nationwide class, and Mr. Siddiqui has done nothing to demonstrate that court's refusal to do so.

## III.   Compassionate Release

Finally, the Court concludes that Mr. Siddiqui's Motion for Compassionate Release [ECF No. 22] does not provide him a basis for relief, either through habeas corpus or otherwise. On March 15, 2021, Mr. Siddiqui filed his Motion for Compassionate Release, arguing that various COVID-19-related risks and practices at the Sherburne County Jail warrant his release pursuant to 18 U.S.C. § 3582(c). However, by its terms, that statute provides a vehicle for persons serving federal criminal sentences to seek early release from those sentences. 18 U.S.C. § 3582(c) ("Modification of an Imposed Term of *Imprisonment*.") Mr. Siddiqui is not currently serving a criminal sentence—he is being held in immigration custody during the pendency of removal proceedings. [*See* Pet'r's Mem. 2, ECF No. 16]. Accordingly, § 3582(c) does not apply to Mr. Siddiqui, and it cannot provide a basis for relief. Therefore, the Court recommends denying his Motion.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED:**

1. That Mr. Siddiqui's Petition [ECF No. 1] be **DENIED** as duplicative and failing to plead a claim upon which habeas relief may be granted;

2. That Mr. Siddiqui's Motion for Compassionate Release [ECF No. 22] be **DENIED** as inapplicable to the circumstances of this case;

3. That Mr. Siddiqui's Motion for Expedited Decision [ECF No. 24], filed on April 19, 2021, be **DENIED** as moot; and

4. That this case be **DISMISSED**.

Date: April 20, 2021

    s/ *Katherine Menendez*
Katherine Menendez
United States Magistrate Judge